FILED

2022 Jul-28  PM 03:08
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| SHANNON CLINE, | ) |
| | ) |
| **Claimant,** | ) |
| | ) |
| **vs.** | ) |
| | )   **Civil Action No. 4:21-cv-1295-CLS** |
| KILOLO KIJAKAZI, Acting | ) |
| Commissioner, Social Security | ) |
| Administration, | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

Claimant, Shannon Cline, commenced this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying Ms. Cline's claim for a period of disability and disability insurance benefits.[1]

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

---

[1] Doc. no. 1 (Complaint).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards.  Specifically, claimant asserts that the ALJ improperly evaluated her subjective complaints.

To demonstrate that pain or another subjective symptom renders her disabled, a claimant must "produce 'evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.'" *Edwards v. Sullivan*, 937 F.2d 580, 584 (11th Cir. 1991) (quoting *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)).  If an ALJ discredits subjective testimony of pain, "he must articulate explicit and adequate reasons" for doing so.  *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing *Jones v. Bowen*, 810 F.2d 1001, 1004 (11th Cir. 1986); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986)).

The ALJ in the present case properly applied these legal principles.  She found that claimant had the severe medically determinable impairments of obesity, status post bilateral shoulder surgeries, and minor degenerative changes of the left knee.[2] She further found that claimant's medically determinable impairment of anxiety was non-severe, based upon the function reports provided by claimant and her husband,

_____

[2] Tr. 12.

2

as well as the findings of the state agency psychology consultants.[3]  The ALJ also considered claimant's diagnoses and conservative treatment for sleep apnea, hypertension, hypothyroidism, migraines, vasomotor rhinitis, insomnia, hyperlipidemia, vitamin D deficiency, mixed urinary incontinence, mild left ventricular hypertrophy, and chronic obstructive pulmonary disease, and found those impairments to be non-severe.[4]  Even so, she considered those impairments when assessing claimant's residual functional capacity.

Following consideration of the record, the ALJ found that claimant retained the capacity to perform light work, but imposed the following limitations upon that range of work based upon the medical evidence and claimant's hearing testimony: occasionally climb ramps and stairs; never climb ladders, ropes, and scaffolds; frequently stoop; never kneel or crawl; occasionally crouch; cannot work around excessive vibration, or in extreme heat or cold temperatures; no exposure to unprotected heights or hazardous machinery; no overhead reaching with the dominant right upper extremity; and, no concentrated exposure to pulmonary irritants, including dust, fumes, odors, gasses and poorly ventilated areas.[5]  The ALJ further found that claimant could not perform jobs that include assembly line production requirements

---

[3] Tr. 13-14.

[4] Tr. 14.

[5] Tr. 16.

(her past work), but that she could "frequently engage in gross manipulation on the right."[6]

The ALJ next considered claimant's subjective symptoms, evaluating whether there was an underlying medically determinable physical or mental impairment that could reasonably be expected to produce her pain or other symptoms, and, if so, whether her statements about the intensity, persistence, or functionally limiting effects of the symptoms limit her ability to perform work-related activities.[7]  Upon thorough review of the record, the ALJ concluded that claimant's statements regarding the effect of her symptoms on her ability to work were inconsistent with the objective medical evidence of record.[8]

The ALJ posed hypotheticals to the vocational expert ("VE") reflecting claimant's medically determinable impairments, and claimant's testimony regarding her symptoms, including the effects of her prescribed medications.  The VE testified that there was light work that claimant could perform in significant numbers in the national economy, such as routing clerk, furniture rental clerk, ticket seller, and order caller.[9]  The VE based his opinion on the Dictionary of Occupational Titles and his

---

[6] *Id.*

[7] *Id.*

[8] Tr. 18-19.

[9] Tr. 63-66.

experience in the field of vocational rehabilitation, job development, and job analysis.[10]

Claimant also contends that the ALJ did not take into consideration claimant's failed attempt to return to her past work during July of 2020, after the date that she alleged was the onset of her disability, when assessing her ability to perform work. Claimant's contention is without merit, however, as the ALJ specifically noted claimant's attempt to work after the alleged onset date.[11]

Finally, claimant's disagreement with the ALJ's assessment of her subjective complaints does not justify a remand. *See Marbury v. Sullivan,* 957 F.2d 837, 839 (11th Cir. 1992) ("*After* considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence.") (citing *Wilson v. Heckler,* 734 F.2d 513, 517 (11th Cir. 1984)) (emphasis supplied). As noted above, the ALJ thoroughly considered and discussed all of the medical evidence of record, claimant's and her husband's reports of her functional capacity, as well as claimant's testimony, and concluded that she did not qualify for disability or disability insurance benefits.

Accordingly, the ALJ's conclusion was in accordance with applicable law, and

---

[10] *Id.* at 66.

[11] Tr. 12.

5

the decision of the Commissioner is due to be affirmed.  A separate final judgment will be entered contemporaneously herewith.

DONE this 28th day of July, 2022.

_____
Senior United States District Judge